UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

IN RE:

Dauntless Construction, LLC

               Debtor

Dauntless Construction, LLC

               Movant

v.

Connecticut Lending Partners,
Lyon & Billard Lumber,
Erik Layton,
Timothy Martin, and
Bonnie Mangan, Chapter 7 Trustee

               Respondents

Case No. 15-22094amn

Chapter 11 (Converted)

## NOTICE OF CONTESTED MATTER RESPONSE DATE

Dauntless Construction, LLC (the "Movant"), has filed a Motion to Sell Free and Clear of All Liens, Claims, Encumbrances and Interests (the "Contested Matter") with the U.S. Bankruptcy Court. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than **April 1, 2016\***. In the absence of a timely filed response, the proposed order in the Contested Matter *may* enter without further notice and hearing, *see*, 11 U.S.C. § 102 (1).

DATED: March 11, 2016                        Dauntless Construction, LLC

                                                By:   */s/ Gary J. Greene*
                                                      Gary J. Greene, Esq. (ct09039)
                                                      Greene Law, P.C.
                                                      11 Talcott Notch Rd.
                                                      Farmington, CT 06032
                                                      860.676.1336 (t)
                                                      860.676.2250 (f)
                                                      Its Attorney
                                                      bankruptcy@greenelawpc.com

*Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| IN RE: | |
| | Case No. 15-22094amn |
| Dauntless Construction, LLC | |
|                          Debtor | Chapter 11 (Converted) |
| Dauntless Construction, LLC | |
|                          Movant | |
| v. | |
| Connecticut Lending Partners, | |
| Lyon & Billard Lumber, | |
| Erik Layton, | |
| Timothy Martin, and | |
| Bonnie Mangan, Chapter 7 Trustee | |
|                          Respondents | |

## MOTION TO SELL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS

Pursuant to 11 U.S.C. §§ 363(b) and (f), and Rule 6004 of the Federal Rules of Bankruptcy Procedure, Dauntless Construction, LLC, the Debtor and Debtor-In-Possession herein, hereby moves this Court for an Order authorizing the sale of the property known as 9 Dogwood Lane, Simsbury, Connecticut ("Property") to Mick Robberds ("Proposed Buyer"), free and clear of all claims, liens, encumbrances and interests with said claims, liens, encumbrances and interests to attach to the proceeds of the sale, and in accordance with the procedures set forth below.

In support of this motion, the Debtor represent as follows:

1.      The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on December 3, 2015.

2. On February 17, 2016, the Court entered an order converting this case to a case under Chapter 11 (ECF No. 26).

3. To date, the Debtor remains the Chapter 11 Trustee of its bankruptcy estate.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. At the time of the Debtor's bankruptcy filing up to the present date, the Debtor claimed ownership of the Property.

6. The following liens, claims, interests and encumbrances affect the Property:

   a. Mortgage in favor of Connecticut Lending Partners ("CLP") dated December 2, 2011 and recorded on December 5, 2011 in Volume 825 at Page 330 of the Simsbury Land Records;

   b. Mortgage in favor of Lyon & Billard Co. ("L&B") dated February 24, 2012 and recorded on March 2, 2012 in Volume 830 at Page 694 of the Simsbury Land Records;

   c. Mechanic's Lien in favor of Erik Layton ("Layton") dated and recorded on May 11, 2012 in Volume 834 at Page 968 of the Simsbury Land records;

   d. Notice of Lis Pendens in favor of CLP dated September 2, 2015 and recorded on September 4, 2015 in Volume 863 at Page 1081 of the Simsbury Land Records;

   e. Mechanic's lien in favor of Timothy Martin ("Martin") dated and recorded on October 30, 2011 in Volume 894 at Page 422 of the Simsbury Land Records; and

   f. Affidavit of Bonnie Mangan, Chapter 7 Trustee ("Mangan") dated February 9, 2016 and recorded on February 11, 2016 in Volume 897 at Page 881 of the Simsbury Land Records.

7. The Debtor believes that all entities asserting interests against the Property either consent to a sale under these terms, can be compelled to accept a money satisfaction of their

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

interests in the Property, or are the subject of a bona fide dispute in connection with their claims against the Property.

8. Subject to the approval of the Court, the Debtor has entered into a Real Estate Purchase and Sale Agreement dated as of December 10, 2015 ("Agreement") with the Proposed Buyer, pursuant to which the Proposed Buyer shall purchase the Property for the price of $499,000.00, payable in cash on the date of closing, scheduled to take place within thirty (30) days after the Bankruptcy Court Order approving the sale becomes final. A copy of the Agreement and all amendments thereto is attached hereto as **Exhibit A**.

9. The Debtor seeks authority to sell the Property, free and clear, to the Proposed Buyer pursuant to the terms outlined in **Exhibit A**.

10. Pursuant to 11 U.S.C. § 363(b)(1), the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate…." Additionally 11 U.S.C. § 105(a) authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

11. "A bankruptcy court is empowered pursuant to § 363 of the Bankruptcy Code to authorize a debtor to expend funds in the bankruptcy court's discretion outside the ordinary course of business. Section 363(b) gives the court broad flexibility in tailoring its orders to meet a wide variety of circumstances. In re Lionel Corp., 722 F.2d 1063, 1069 (2d Cir. 1983). However, the debtor must articulate some business justification, other than mere appeasement of major creditors, for using, selling or leasing property out of the ordinary course of business, before the court may permit such disposition under § 363(b)." In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

12. Pursuant to 11 U.S.C. § 363(f), a trustee may sell property under § 363(b) free and clear of any lien, claim, or interest if:

    a. applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    b. such entity consents;

    c. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    d. such interest is in bona fide dispute; or

    e. such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

13. The Debtor intends to pay off the CLP mortgage, the L&B mortgage, the Layton lien, and the Martin lien, to the extent the Debtor does not have a bona fide dispute relating to said claims, in addition to any fees due to the Office of the United States Trustee and customary closing costs, with the balance of the proceeds from the sale reverting to the Debtor.

14. The Debtor submits that a sale of the Property to the Proposed Buyer will provide fair and reasonable consideration to the estate.

15. The Proposed Buyer's offer is the product of arm's length negotiations between it and the Debtor.

16. Pursuant to Local Rule of Bankruptcy Procedure 6004-1(a), an appraisal is ordinarily required before a sale not in the ordinary course of business can be approved unless such appraisal is not warranted under the facts of the case.

4

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

17. The facts of this case make clear that an appraisal is unwarranted. The purchase price is significantly higher of the sum of the encumbrances affecting the Property, with all creditors and administrative expenses being paid in full from the closing.

18. Under the circumstances, the Court should find that the sale of the Property is the result of good faith, arm's length negotiations and that the buyer of the Property is entitled to all protections of 11 U.S.C. § 363(m).

19. To ensure that all interested parties receive adequate notice, the Debtor plans to serve this Motion and Notice of Contested Matter on (1) the Office of the United States Trustee; (2) all secured creditors; (3) all unsecured creditors; (4) all entities known to have expressed an interest in a transaction with respect to the Property; and (5) any entities who have filed requests for notice pursuant to Federal Rule of Bankruptcy Procedure 2002.

20. Based on the foregoing, the sale of the Property free and clear of all liens, claims, encumbrances and interests should be approved under 11 U.S.C. § 363(f).

WHEREFORE, the Debtor requests that this Court enter an order authorizing the sale of the Property other than in the ordinary course of business, free and clear of all liens, encumbrances and/or interests pursuant to 11 U.S.C. §§ 105(a), 363(b) and (f), and Rule 6004 of the Federal Rules of Bankruptcy Procedure, with such liens to attach to the proceeds of the sale of the Property, and granting any other relief the Court deems just, proper and appropriate.

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

| | |
|---|---|
| DATED: March 11, 2016 | Dauntless Construction, LLC |
| | By:  /s/ Gary J. Greene  |
| | Gary J. Greene, Esq. (ct09039) |
| | Greene Law, P.C. |
| | 11 Talcott Notch Rd. |
| | Farmington, CT 06032 |
| | 860.676.1336 (t) |
| | 860.676.2250 (f) |
| | Its Attorney |
| | bankruptcy@greenelawpc.com |

6

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

---

IN RE:

Dauntless Construction, LLC

      Debtor

---

Dauntless Construction, LLC

      Movant

v.

Connecticut Lending Partners,
Lyon & Billard Lumber,
Erik Layton,
Timothy Martin, and
Bonnie Mangan, Chapter 7 Trustee

      Respondents

---

Case No. 15-22094amn

Chapter 11 (Converted)

## ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, ENCUMBRANCES AND INTERESTS

Whereas, after Notice and a hearing on the Motion to Sell Property Free and Clear of Liens, Encumbrances and Interests dated February 16, 2016 (the "Sale Motion") filed by the debtor-in-possession, Dauntless Construction, LLC (the "Debtor"), and the time set forth for objections of the sale having passed, this Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334; (b) notice of the Sale Motion and the Hearing was sufficient under the circumstances; and (c) the Court having determined that the legal and factual basis set forth in the Sale Motion and at the Hearing established just cause for the relief granted herein:

**THE COURT HEREBY FIND AND CONCLUDES THAT:**

  1. The sale of real property known as 9 Dogwood Lane, Simsbury, Connecticut (the "Property") under the terms set forth in the Sale Motion is in the best interest of the Debtor and the

estate;

2. Sound business reasons exist for the Debtor to sell the Property to the Purchaser;

3. The sale of the Property is in the best interest of the Debtor, its estate, and creditors. The terms of the proposed sale represent the highest and best offer for the Property, and the purchase price payable thereunder is fair and reasonable;

4. The proposed sale was negotiated between the Debtor and the Purchaser in good faith, without collusion, and from arm's length bargaining positions. The Purchaser is not related to or affiliated with the Debtor and is a buyer in good faith of the Property under 11 U.S.C. § 363(m) and, as such, is entitled to the protections afforded thereby, as of this date. If this sale of the Property is consummated, the reversal or modification on appeal of this Order shall not affect the validity of the proposed sale of the Property or the right, title and interest purportedly conveyed to the Buyer in connection with such sale; and it is

**ORDERED**, that at the closing, the Property shall be sold, conveyed, assigned, transferred and delivered to the Purchaser free and clear of all liens, mortgages, pledges, security interests, restrictions, prior assignments, liabilities, obligations, encumbrances, charges, claims, and interests of any and every kind, nature, and description whatsoever, including, without limitation, claims arising out of pending litigation and liens of any person or entity and all creditors of the Debtor on the Property, including without limitation those set forth below:

　　a. Mortgage in favor of Connecticut Lending Partners ("CLP") dated December 2, 2011 and recorded on December 5, 2011 in Volume 825 at Page 330 of the Simsbury Land Records;

　　b. Mortgage in favor of Lyon & Billard Co. ("L&B") dated February 24, 2012 and recorded on March 2, 2012 in Volume 830 at Page 694 of the Simsbury Land Records;

2

  c. Mechanic's Lien in favor of Erik Layton ("Layton") dated and recorded on May 11, 2012 in Volume 834 at Page 968 of the Simsbury Land records;

  d. Notice of Lis Pendens in favor of CLP dated September 2, 2015 and recorded on September 4, 2015 in Volume 863 at Page 1081 of the Simsbury Land Records;

  e. Mechanic's lien in favor of Timothy Martin ("Martin") dated and recorded on October 30, 2011 in Volume 894 at Page 422 of the Simsbury Land Records; and

  f. Affidavit of Bonnie Mangan, Chapter 7 Trustee ("Mangan") dated February 9, 2016 and recorded on February 11, 2016 in Volume 897 at Page 881 of the Simsbury Land Records.

**ORDERED** that the proceeds of sale are to distributed as further ordered by this Court; and it is further

**ORDERED** that this Court shall and does retain jurisdiction (a) to enforce and implement the terms and provisions of the sale approved by this Order, (b) to compel delivery of the Property to the Purchaser, (c) to compel delivery and payment of the consideration and any other amount due and owing pursuant to the terms of the proposed sale, (d) to resolve any disputes, controversies, or claims arising out of, or relating to, the sale of the Property, and (e) to interpret, implement, and enforce the provisions of this Order; and it is further

**ORDERED** that the Debtor is hereby authorized and directed to execute and deliver any and all additional documents and papers to take such other actions as may be reasonably necessary or appropriate to perform the estate's obligations under this Order, and it is further

**ORDERED** that this Order shall govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorder of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

of law, the duties of their office, or contract, to accept, record, file, or register any instrument, document or paper, or report including, but not limited to, a certified copy of this Order or insure any title or state of title in or to the Property; and it is further

**ORDERED**, that the sale of the Property authorized by this Order (a) is or will be a legal, valid and effective transfer of the Property to the Purchaser, and (b) will vest the Purchaser with all rights, title, and interests that the Debtor has in and to the Property free and clear of all liens, claims, interests, and encumbrances under 11 U.S.C. § 363(f); and it is further

**ORDERED**, that all persons and entities holding liens or claims of any kind and nature with respect to the Property or against the Debtor or the Debtor's estate and hereby permanently enjoined and barred from asserting such liens and claims of any kind and nature against the Property or the Purchaser, their successors or assigns; and it is further

**ORDERED**, that on and after the date of the Purchaser's payment to the estate of the purchase price, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release their respective liens on or claim, if any, against the Property, as such liens or claims may have been recorded or may otherwise exist; and it is further

**ORDERED** that the Purchaser shall be entitled to the full protection of 11 U.S.C. § 363(m) as of this date with respect to the transaction contemplated hereby in the event that all or part of this Order is reversed, modified, or vacated on appeal or otherwise; and it is further

**ORDERED** that this Order shall be immediately effective upon its entry by the Court; and it is further

**ORDERED** that this Order is a final Order and there is no just reason for the delay of the entry of this Order.

4

# EXHIBIT A

### SALES AND PURCHASE AGREEMENT

THIS AGREEMENT is between **DAUNTLESS CONSTRUCTION, LLC,** acting herein by TIMOTHY MARTIN, its sole member (hereinafter referred to as "Seller") and **MICK ROBBERDS** of 17 Hillcrest Drive, Avon, Connecticut, 06001 (hereinafter referred to as "Buyer").

WHEREAS, the Seller owns the real property located in Simsbury, Connecticut known as **9 Dogwood Lane, Simsbury, Connecticut 06070**; and

WHEREAS, the Seller has agreed to sell his interest in said real property, and the Buyer has agreed to buy the same on the terms and conditions hereinafter set forth:

IT IS HEREBY AGREED:

1. DESCRIPTION OF THE PREMISES. The Seller agrees to sell and convey and the Buyer agrees to buy the real property, with appurtenances thereto, known as **9 Dogwood Lane, Simsbury, Connecticut** (the "Premises").

2. PURCHASE PRICE. The purchase price is Four Hundred Ninety-nine Thousand ($499,000.00) Dollars and is to be paid in the following manner:

    (a) By deposit to be forwarded immediately upon execution of this contract by Seller of $5,000.00;

    (b) By additional deposit of $20,000.00 to be paid by December 21, 2015;

    (c) By payment of $474,000.00 in bank check, attorneys' client's fund check or certified check at the closing of title.

3. DEPOSIT. All deposits paid in accordance with this Agreement will be held in escrow, in a non-interest bearing account, until buyer's contingency dates( Dec. 21, 2015) have passed at which time they will be released to seller or the contract will be terminated and all deposits will be returned to buyer..

4. MORTGAGE CONTINGENCY. It is expressly understood and agreed by the parties hereto that this Agreement is conditioned upon the Buyer being able to obtain a conventional mortgage loan in the amount of no more than $400,000.00 from a recognized lending institution, which loans shall be for a period of not more than thirty (30) years and shall bear interest at the prevailing rate. Buyer shall make application for said loan and shall pursue such application with diligence. If Buyer is unable to obtain a written commitment for such loan on or before **January 4, 2015** from the execution of this contract ("Mortgage Contingency Date"), Buyers may terminate this Agreement by providing Sellers, no later than the Mortgage Contingency Date, with written notice of Buyer's inability to obtain such commitment. If Buyer does not elect to so terminate, then this Contract will remain in full force and effect, unless Seller, within seven (7) days from the Mortgage Contingency Date, gives written notice to Buyer that Seller

has elected to terminate this Contract as a result of Buyers' inability to obtain such commitment. If either party elects to terminate this Agreement as provided under this Paragraph, then all deposits will be returned to Buyer and the obligations of the parties under this Agreement shall end.

5.      CLOSING.  The closing of title shall take place at the law office of Buyer's attorney on **January 16, 2015,** or upon such earlier date or at such other place as may be mutually agreed upon.

6.      PERSONAL PROPERTY.  The following personal property is included with the sale of the Premises described in Paragraph 1, which items are remaining with the property at no value.

   All 1st floor bedroom furniture, both brown leather couches.

7.      OTHER CONDITIONS.  N/A

8.      DEED.  At the closing of title, the Seller shall deliver to the Buyer a Warranty Deed sufficient to convey to the Buyer good and marketable title to the Premises described in Exhibit A, free from all encumbrances and defects not excepted in this Agreement.  Seller shall also deliver to Buyer valid checks in payment of any real estate conveyance taxes due.  Buyer shall bear the expense of recording said Deed.

9.      HOME, PEST AND ENVIRONMENTAL INSPECTIONS.  Buyer has the right to make the following inspections of the Premises:
   (a)   Lead Inspection or Risk Assessment for the presence of lead-based paint and lead-based paint hazards in the Premises;
   (b)   Home Inspection performed by a licensed engineer or recognized home inspection service indicating that the buildings located on the Property are structurally sound and that the mechanical, electrical and plumbing systems of any of the buildings are in good repair;
   (c)   Termite or Wood Destroying Insect Inspection performed by a licensed exterminator or recognized inspection service and indicating that the buildings on the Premises are not infested by termites or wood-boring insects and that the buildings on the Premises are not damaged as a result of such infestation;
   (d)   Other Environmental Inspections of the buildings located on the Property for asbestos, radon, and urea formaldehyde foam insulation performed by a licensed environmental inspector or recognized inspection service, the results of which are satisfactory to Buyers.

Buyer must arrange and pay for all inspections.  Said inspections must be completed within **fourteen (14) days** after the date this Agreement is fully executed.  Buyer must give Seller written notice of any inspection that does not meet the standards set forth above together with a copy of the inspection report, within three (3) days of the completion of the inspections.  If Buyer does not give Seller such notice, Seller shall have no responsibility or obligation concerning any condition to which this paragraph applies. At Buyer's sole cost and expense, Buyer shall restore the Premises to substantially the same condition it was in immediately before any inspections.  If an inspection report given by Buyer to Seller on or before the Completion

2

Date reveals that the Premises do not meet the terms set forth above and Seller and Buyer cannot reach a mutually satisfactory agreement regarding these matters, then Buyer may terminate this Agreement by giving Seller written notice of termination no later than three (3) days after the Completion Date. If Buyer terminates this Agreement pursuant to this paragraph, then all deposits will be returned to Buyer and the obligations of the parties under this Agreement shall end.

10. <u>RISK OF LOSS.</u>  From the date of this Agreement to the date of closing of title, the risk of loss shall be on the Seller, and the Seller shall carry fire and extended coverage insurance on the buildings on the Premises. In the event that any of the said buildings are destroyed or damaged by reason of fire, storm, accident or any other cause not within the control of the parties hereto and are not restored to their present condition by the date set for the closing of title, the Buyer shall have the option either of accepting title to the premises and of receiving the benefit of all insurance monies recovered on account or such destruction or damage or of rescinding the Agreement, in which latter case all deposits will be returned to Buyer and the obligations of the parties under this Agreement shall end.

11. <u>ADJUSTMENTS.</u>  At the closing of title, the following, if applicable, shall be apportioned as of that date: all real property taxes, water, sewer, rent and other charges and common charges in accordance with the then prevailing custom and practice as established by the Hartford County Bar Association.

12. <u>TITLE.</u> The Buyer shall notify the Seller in writing, prior to the time set for the closing of title of the existence of encumbrances and defects in title not excepted in this Agreement. The Seller shall have an additional thirty (30) days from the time it receives such notice to remove the specified encumbrances or defects. If, at the expiration of said thirty (30) day period or on the date set for the closing of title, whichever is later, the Seller is unable to convey good and marketable title free and clear of such encumbrances and defects, the Buyer shall have the option either of accepting such title as the Seller can convey or of rescinding this Agreement. If the Buyer shall elect to so rescind, then all deposits will be returned to Buyer and the obligations of the parties under this Agreement shall end.

13. <u>NOTICES.</u>  All notices, demands or other communications permitted or required to be given hereunder shall be in writing and shall be addressed as follows:

To Sellers:

To Buyer:

3

Any address or name specified above may be changed by notice given to the other party in accordance with this paragraph.

14.   BROKER.   The Buyer represents that no agent or broker has called Buyer's attention to the property, showed it to Buyer or any representative of Buyers, or in any manner dealt with Buyer or been instrumental in effectuating this transaction. The parties agree that no commission is to be paid to any person with respect to the sale of the property.

15.   DEFAULT.   If Buyer defaults under this Contract and Seller is not in default, Buyer's deposits shall be paid over to and retained by Seller as liquidated damages and Buyer and Seller shall be relieved of further liability to each other under this Contract except to the extent of Buyer's obligations under paragraph 10. If a legal action is brought to enforce any provision of this Contract, the prevailing party shall be entitled to court costs and attorneys fees.

16.   RIDERS.   The riders listed below which are attached to the Contract are made part of this Contract:

- None

17.   NOTICES TO BUYER.

(a) Lists of Hazardous Waste Sites. Buyer is notified that the Department of Energy and Environmental Protection is required pursuant to Section 22a-134f of the Connecticut General Statutes to furnish lists of hazardous waste facilities located within the town to the Town Clerk's Office. Buyer should refer to these lists and the Department of Environmental Protection for information on environmental questions concerning the Property and the lands surrounding the Property. This paragraph constitutes Seller's notice to Buyer of the availability of such lists, as provided in Section 20-327f of the Connecticut General Statutes.

(b) Lists of Property where Shooting Sports Conducted. Buyer is notified that a list of local properties upon which hunting or shooting sports regularly take place may be available at the Town Clerk's office. This paragraph constitutes Seller's notice ot Buyer of the availability of such lists, as provide in Section 20-327g of the Connecticut General Statutes.

(c) Information Concerning Environmental Matters. Buyer is notified that information concerning environmental matters on the Property and surrounding properties is available from the federal Environmental Protections Agency, the National Response Center, the Department of Defense and third-party providers.

(d) Educational Material Concerning Well Testing. If the Property is served by a private well, Buyer is notified that important educational material concerning private well testing is available on the Department of Public Health's website.

4

18. <u>ENTIRE AGREEMENT.</u>  This Agreement contains the entire understanding of the parties.  There are no oral understandings, terms or conditions, and no party has relied upon any representation not contained in this agreement.

19. <u>AMENDMENTS.</u>  This Agreement may not be amended in any respect whatsoever except by further agreement, in writing, fully executed by each of the parties.

20. <u>SUCCESSORS.</u>  This Agreement shall be binding upon and inure to the benefit of the parties and to their respective heirs, personal representatives, successors and assigns.

21. <u>CAPTIONS.</u>  The captions of this Agreement are for convenience and reference only and in no way define, describe, extend or limit the scope or intent of this Agreement of the intent of any provision contained in this Agreement.

22. <u>COUNTERPARTS.</u>  The invalidity of one or more of the phrases, sentences, clauses or paragraphs contained in this Agreement shall not affect the validity of the remaining portions so long as the material purposes of this Agreement can be determined and effectuated.

23. <u>APPLICABLE LAW.</u>  This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of Connecticut.

24. <u>E-MAIL/FAX AGREEMENT.</u>  The parties acknowledge and agree that this Agreement may be transmitted between them by e-mail or facsimile machine and that the parties intend that an e-mailed or faxed agreement containing either the original and/or copies of the parties' signature shall constitute a binding agreement.

25. <u>PROPERTY DISCLOSURE REPORT.</u>  To the extent required by C.G.S. §20-327b and §20-327c, Seller shall furnish Buyer with a Residential Property Disclosure Report before Buyer's execution of the Contract or credit Buyer with $500.00 toward the purchase price at closing.

26. <u>SMOKE AND CARBON MONOXIDE DETECTORS.</u>  In the event the Property is a one or two family residence and Seller fails to provide Buyer at closing with an affidavit concerning smoke and carbon monoxide detectors required by Connecticut Public Act 14-219, Seller shall credit Buyer with the sum of $250 at closing unless the transaction is otherwise exempted under said Act.

**SELLER**

_____   12/10/2015
Dauntless Construction, LLC         Date
By Timothy Martin, its sole member

**BUYER**

_____   12/10/15
Mick Robberds                    Date

5

# FIRST AMENDMENT TO REAL ESTATE PURCHASE AGREEMENT

This First Amendment to Real Estate Purchase Agreement (the "Amendment") is entered into as of the ___ day of January, 2016 by and between **Dauntless Construction LLC** ("Seller") and **Mick Robberds and/or Stephen Repka and/or their assigns** ("collectively, Buyer").

## RECITALS:

WHEREAS, Seller and Mick Robberds entered into that Real Estate Purchase Agreement dated December 6, 2015 (the "Contract"), for the sale by Seller to Mick Robberds and/or assigns of that certain real property located at 9 Dogwood Lane, Simsbury, Connecticut (the "Premises"), and Seller and Buyer desire to amend the Contract in accordance with the terms of this Amendment;

NOW THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller and Buyer agree as follows:

1. The "Buyer" under the Contract means Mick Robberds and/or Stephen Repka and/or their assigns.

2. The parties further acknowledge that the Buyer may in the future rent a room in said premises.

3. The parties agree that the closing date in said contract of _____ is extended to 2/14/2016

4. The Contract, as modified herein, remains in full force and effect, enforceable in accordance with its terms. Capitalized terms not defined herein shall have the meaning ascribed to them in the Contract.

5. This Amendment may be executed in multiple counterparts which, taken together, shall constitute one document. A facsimile or portable document format ("PDF") copy hereof shall be enforceable as an original.

SELLER:
Dauntless Construction LLC

By_____
Timothy Martin
Its Sole Member

BUYER:

_____
Mick Robberds

_____
Stephen Repka

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

_____

In Re:                                                                  Chapter 11 (Converted)

Dauntless Construction, LLC                                  Case No. 15-22094

        Debtor

_____

## **CERTIFICATION OF SERVICE**

I hereby certify that on **March 11, 2016, the Debtor's Motion to Sell** was filed electronically and it was served on March 11, 2016 by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF System. Notice was sent electronically to the following:

Thomas A. Gugliotti on behalf of Creditor Connecticut Lending Partners, LLC
tgugliotti@uks.com

Carl T. Gulliver on behalf of Creditor Connecticut Lending Partners, LLC
cgulliver@coanlewendon.com

U. S. Trustee
USTPRegion02.NH.ECF@USDOJ.GOV

I further certify that a copy of the foregoing was mail, via first class mail, postage prepaid, to the following:

Chester J. Bukowski, Jr.
17 Cherry Tree Lane
Avon, CT 06001

Dauntless Construction, LLC
9 Dogwood Lane
Simsbury, CT 06070

Bonnie Mangan, Esq.
Westview Office Park
Suite A3

South Windsor, CT 06074

Erik Layton
34 1/2 Tunxis Avenue
Bloomfield, CT 06002

Lyon & Billard Co.
38 Gypsy Lane
Meriden, CT 06450

Internal Revenue Service
Centralized Insolvency
PO Box 7346
Philadelphia, PA 19101

State of Connecticut
Department of Revenue Services
PO Box 2936
Hartford, CT 06104

|  |  |
|---|---|
| DATED: March 11, 2016 | Dauntless Construction, LLC |
|  | By:   */s/ Gary J. Greene*_____ |
|  |         Gary J. Greene, Esq. (ct09039) |
|  |         Greene Law, P.C. |
|  |         11 Talcott Notch Rd. |
|  |         Farmington, CT 06032 |
|  |         860.676.1336 (t) |
|  |         860.676.2250 (f) |
|  |         Its Attorney |
|  |         bankruptcy@greenelawpc.com |