UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

IN RE:

Dauntless Construction, LLC
                Debtor

Dauntless Construction, LLC
                Movant

v.

Connecticut Lending Partners,
Lyon & Billard Lumber,
Erik Layton,
Timothy Martin, and
Bonnie Mangan, Chapter 7 Trustee
                Respondents

Case No. 15-22094 (AMN)

Chapter 11

RE: ECF No. 45

## ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, ENCUMBRANCES AND INTERESTS

Whereas, after Notice and a hearing on the Motion to Sell Property Free and Clear of Liens, Encumbrances and Interests dated February 16, 2016 (the "Sale Motion") filed by the debtor-in-possession, Dauntless Construction, LLC (the "Debtor"), and the time set forth for objections of the sale having passed, this Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334; (b) notice of the Sale Motion and the Hearing was sufficient under the circumstances; and (c) the Court having determined that the legal and factual basis set forth in the Sale Motion and at the Hearing established just cause for the relief granted herein:

**THE COURT HEREBY FIND AND CONCLUDES THAT:**

    1.    The sale of real property known as 9 Dogwood Lane, Simsbury, Connecticut (the "Property") under the terms set forth in the Sale Motion is in the best interest of the Debtor and the

estate;

2. Sound business reasons exist for the Debtor to sell the Property to the Purchaser;

3. The sale of the Property is in the best interest of the Debtor, its estate, and creditors. The terms of the proposed sale represent the highest and best offer for the Property, and the purchase price payable thereunder is fair and reasonable;

4. The proposed sale was negotiated between the Debtor and the Purchaser in good faith, without collusion, and from arm's length bargaining positions. The Purchaser is not related to or affiliated with the Debtor and is a buyer in good faith of the Property under 11 U.S.C. § 363(m) and, as such, is entitled to the protections afforded thereby, as of this date. If this sale of the Property is consummated, the reversal or modification on appeal of this Order shall not affect the validity of the proposed sale of the Property or the right, title and interest purportedly conveyed to the Buyer in connection with such sale;

5. Timothy Martin, the Member of the Debtor and an Insider as that term is defined under 11 U.S.C. § 101, agrees to subordinate his debt to the debt owed to Connecticut Lending Partners and Lyon & Billard Co., as more fully identified below; and it is

**ORDERED**, that at the closing, which shall take place within thirty (30) days from the entry of this order, or at such other time as agreed to by the Debtor and the Purchaser, the Property shall be sold, conveyed, assigned, transferred and delivered to the Purchaser free and clear of all liens, mortgages, pledges, security interests, restrictions, prior assignments, liabilities, obligations, encumbrances, charges, claims, and interests of any and every kind, nature, and description whatsoever, including, without limitation, claims arising out of pending litigation and liens of any person or entity and all creditors of the Debtor on the Property, including without limitation those set forth below:

    a. Mortgage in favor of Connecticut Lending Partners ("CLP") dated December 2, 2011 and recorded on December 5, 2011 in Volume 825 at Page 330 of the Simsbury Land Records;

    b. Mortgage in favor of Lyon & Billard Co. ("L&B") dated February 24, 2012 and recorded on March 2, 2012 in Volume 830 at Page 694 of the Simsbury Land Records;

    c. Mechanic's Lien in favor of Erik Layton ("Layton") dated and recorded on May 11, 2012 in Volume 834 at Page 968 of the Simsbury Land records;

    d. Notice of Lis Pendens in favor of CLP dated September 2, 2015 and recorded on September 4, 2015 in Volume 863 at Page 1081 of the Simsbury Land Records;

    e. Mechanic's lien in favor of Timothy Martin ("Martin") dated and recorded on October 30, 2011 in Volume 894 at Page 422 of the Simsbury Land Records; and

    f. Affidavit of Bonnie Mangan, Chapter 7 Trustee ("Mangan") dated February 9, 2016 and recorded on February 11, 2016 in Volume 897 at Page 881 of the Simsbury Land Records.

**ORDERED** that the Debtor, and/or its closing attorney, is authorized to pay from the closing all normal, ordinary and customary closing costs, real property taxes and other adjustments to the date of closing in accordance with the standard practice of real estate closings in the town in which the Property is located; and it is further

**ORDERED** that the Debtor, and/or its closing attorney, is authorized to disburse the funds to the undisputed lien holders in accordance with the settlement statement and as detailed further below and, in the event a bona fide dispute between the Debtor and a lien holder exists, the Debtor's bankruptcy attorney shall hold the amount of proceeds of the sale claimed by the disputed lien holder in escrow, with all liens and encumbrances to attach to said escrowed proceeds to the same extent and in the same priority as they attach to the Property. The list of encumbrances and debts to be paid is as follows:

      a. All customary and ordinary closing costs and fees;

      b. All sums due to the Office of the United States Trustee up to the quarter in which the sale of the Property closes;

      c. Mortgage in favor of CLP in the amount of $360,000.00 in full satisfaction of its lien;

      d. Mortgage in favor of L&B in the amount of $13,000.00 in partial satisfaction of its lien. L&B shall release its lien recorded against the Property, and shall retain its lien recorded against Dogwood Lane, Parcel B, Map #3976;

      e. Mechanic's Lien in favor of Layton in the amount of $0.00 in full satisfaction of his lien;

      f. Affidavit of Mangan in the amount of $0.00 in full satisfaction of her encumbrance;

      g. Mechanic's lien in favor of Martin to be paid the remainder of the net sales proceeds in full satisfaction of his lien, except for a carve out of $20,000.00 to cover unsecured and administrative claims, which said funds shall be held in Debtor's DIP account until further order of this Court;

and it is further

**ORDERED** that this Court shall and does retain jurisdiction (a) to enforce and implement the terms and provisions of the sale approved by this Order, (b) to compel delivery of the Property to the Purchaser, (c) to compel delivery and payment of the consideration and any other amount due and owing pursuant to the terms of the proposed sale, (d) to resolve any disputes, controversies, or claims arising out of, or relating to, the encumbrances recorded against the Property and the sale of the Property, and (e) to interpret, implement, and enforce the provisions of this Order; and it is further

**ORDERED** that the Debtor is hereby authorized and directed to execute and deliver any and all additional documents and papers to take such other actions as may be reasonably necessary or appropriate to perform the estate's obligations under this Order, and it is further

**ORDERED** that this Order shall govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorder of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, record, file, or register any instrument, document or paper, or report including, but not limited to, a certified copy of this Order or insure any title or state of title in or to the Property; and it is further

**ORDERED**, that the sale of the Property authorized by this Order (a) is or will be a legal, valid and effective transfer of the Property to the Purchaser, and (b) will vest the Purchaser with all rights, title, and interests that the Debtor has in and to the Property free and clear of all liens, claims, interests, and encumbrances under 11 U.S.C. § 363(f); and it is further

**ORDERED**, that all persons and entities holding liens or claims of any kind and nature with respect to the Property or against the Debtor or the Debtor's estate and hereby permanently enjoined and barred from asserting such liens and claims of any kind and nature against the Property or the Purchaser, their successors or assigns; and it is further

**ORDERED**, that on and after the date of the Purchaser's payment to the estate of the purchase price, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release their respective liens on or claim, if any, against the Property, as such liens or claims may have been recorded or may otherwise exist; and it is further

**ORDERED** that the Purchaser shall be entitled to the full protection of 11 U.S.C. § 363(m) as of this date with respect to the transaction contemplated hereby in the event that all or part of this Order is reversed, modified, or vacated on appeal or otherwise; and it is further

**ORDERED** that this Order shall be immediately effective upon its entry by the Court; and it is further

**ORDERED** that this Order is a final Order and there is no just reason for the delay of the entry of this Order.

Dated at Hartford, Connecticut on April 21, 2016

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut